FRANK CARTER, JR., V. STATE.

No. 24562. December 21, 1949.
Appellant's Motion for Rehearing Denied (Without Written Opinion)
January 25. 1950.

180

*Jack W. Knight,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Conviction is for the theft of an automobile, punishment assessed at seven years in the penitentiary.

We have not been favored by a brief from appellant's counsel, but in his oral argument before the court he stresses two points; the first is, that the ownership of the car as alleged in the indictment is not proven, and second; that the evidence raised the issue of temporary insanity from the use of intoxicating liquor, and that the court failed to charge upon that issue.

In his motion for new trial appellant alleges misconduct of the jury. Evidence seems to have been taken upon the hearing of the motion but it is not brought forward, and, therefore, we have no information as to what was proven except from the findings of the trial judge as recited in his order overruling the motion. He recites that there was no evidence introduced with reference to any misconduct of the jury.

The indictment alleges that Clifford David, Jr., was the owner of the automobile in question and that it was taken from his possession without his consent and with the intent to deprive him of the value of the same and to appropriate it to the use and benefit of appellant.

The evidence shows that the legal title to the car in question was in Clifford David, Sr., the father of the alleged owner; that Clifford David, Jr., had acquired the car in a trade, had paid a license fee for the same, had it in his possession, and that

his father had never used it, and that at the time of the theft Clifford David, Jr., had the exclusive care, management and control of the car, and was properly alleged to be the owner, he being a special owner under our law. He was seventeen years old, and on the morning of January 8 he drove his car and parked it in the parking lot of the Carnation Dairy where he was an employee. When he returned to get it that evening it was gone. On the following morning he recovered the car at a garage where it had been towed by a wrecker after appellant, while driving it, had collided with a truck. Two officers testified that while they were in a patrol car they saw appellant while driving this car run into a garbage truck, then jump out of the car and run down the street. The officers followed him and caught him about two or three blocks from the point of the collision. Both officers testified that they did not observe anything that would indicate that appellant was under the influence of intoxicating liquor. Appellant's testimony is that he had just been released from the penitentiary on the morning of January 8 and had arrived in Houston about noon; that after he reached Houston he began drinking and drank all that afternoon; that after he started drinking he could not recall what he did definitely, but knows that he went to the 6th Ward and came to West Dallas Street and had occasion to pass this parking lot and saw a number of cars out there, and that he got in one but did not recall what kind; that he drove this car until there was a collision of some kind, but that he did not remember anything about it; that he had no recollection of getting out of the car and that the first he remembered about seeing the police officers was when he was at the police station; that he was under the influence of liquor at the time of taking the car and does not remember any of the things clearly. There was no evidence from any source other than of appellant's testimony that he was under the influence of intoxicating liquor. On cross-examination appellant testified that he was so drunk he did not know what took place and did not recall what time he took possession of the car, but remembered the collision between it and the garbage truck. He claimed not to remember how he got the automobile started, but does remember that the keys were in it, and that he was drunk at the time.

The court charged the jury that an automobile parked on the street was under the law in the possession of the owner thereof, and also that one in possession of property might properly be alleged to be the owner thereof in an indictment for theft. He further charged that drunkenness constitutes no excuse for crime in this state. Appellant filed objections to the court's charge in the particulars mentioned because the same were a

comment on the weight of the evidence and placed upon appellant the burden of proving his innocence. These objections are without merit. Appellant requested the court to charge the jury that if at the time appellant took the automobile he was so intoxicated that he did not know the nature of his acts as to whether they were right or wrong, to acquit appellant. This charge was refused by the court.

The court states that he did not know until the presentation of the motion for new trial that the appellant desired a charge that temporary insanity produced by the recent use of ardent spirits would mitigate the punishment. Mere drunkenness does not excuse the commission of crime, and neither does it mitigate the punishment. An examination of the testimony leads us to the conclusion that the evidence does not raise the issue of temporary insanity from the recent use of ardent spirits, and even if it did, we think the objections of appellant to the charge of the court do not specifically call the court's attention to appellant's claim that such issue should be submitted.

The judgment is affirmed.